IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENDALL WILLIAMS, :
:
    Petitioner, : CIVIL ACTION NO. 18-3507
:
v. :
:
COMMONWEALTH OF PA, and THE :
ATTORNEY GENERAL OF THE STATE :
OF PENNSYLVANIA, :
:
    Respondents. :

## ORDER

**AND NOW**, this 6th day of August, 2019, after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Kendall Williams ("Williams") (Doc. No. 1), the state court record (Doc. No. 11), the respondents' response to the habeas petition (Doc. No. 16), Williams's reply to the respondents' response to the habeas petition (Doc. No. 19), Williams's April 19, 2019 letter with attachments (Doc. No. 20), the report and recommendation by United States Magistrate Judge Linda K. Caracappa (the "R&R") (Doc. No. 18), Williams's timely objections to the report and recommendation (Doc. No. 21),[1] and Williams's motion for appointment of counsel (Doc. No. 22), it is hereby **ORDERED** as follows:

1.    The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2.    Williams's objections to the report and recommendation (Doc. No. 21) are **OVERRULED**, except to the extent that Williams requested that the court consider his reply brief (Doc. No. 19) when ruling on his objections and reviewing the R&R;[2]

3. The Honorable Linda K. Caracappa's report and recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED** except as otherwise modified in endnote 2 of this order;

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED**;

5. The motion for appointment of counsel (Doc. No. 22) is **DENIED**;[3]

6. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

7. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Because the clerk's office served the R&R on Williams by mail, he was entitled to an additional three days beyond the 14-day period to file objections to the R&R. *See* Fed. R. Civ. P. 6(d) (providing parties with additional three days to act if served by mail under Rule 5(b)(2)(C)). In addition, because the 17th day fell on Sunday, May 5, 2019, Williams had until Monday, May 6, 2019, to file objections to the R&R. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). As Williams included a certificate of service signed and dated on April 29, 2019, the court has used this date as the filing date.

[2] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

By way of background, in September 2005, the Upper Merion Township Police Department charged Williams with numerous offenses, including, among other offenses, Attempted Homicide (18 Pa. C.S. §§ 901(a), 2502), Rape (18 Pa. C.S. § 3121), Aggravated Assault (18 Pa. C.S. § 2702), Involuntary Deviate Sexual Intercourse (18 Pa. C.S. § 3123), Aggravated Indecent Assault (18 Pa. C.S. § 3125) and Possessing an Instrument of Crime (18 Pa. C.S. § 907). *See* State Ct. R., Doc. No. 11-2, Criminal Complaint. These charges arose from an incident where the police alleged that Williams shot his wife multiple times and, while his wife remained on the floor of their bathroom pretending to be dead, Williams forcibly raped her. *See id.*

Williams pleaded guilty to one count of Attempted First-Degree Murder and one count of Possession of an Instrument of Crime in the Court of Common Pleas of Montgomery County on July 9, 2007. *See* State Ct. R., Doc. No. 11-23, July 9, 2007 Guilty Plea Tr. at 12–28. The district attorney's office *nolle prossed* the remaining charges. *See* Docket, *Commonwealth v. Williams*, No. CP-46-CR-7004-2005 (Montgomery Cty. Ct. Com. Pl.). On October 2, 2007, the Honorable Paul W. Tressler sentenced Williams to a term of incarceration for a minimum of 17 ½ years to a maximum of 35 years for Attempted First Degree Murder and a consecutive five-year period of probation for Possession of an Instrument of Crime. *See* State Ct. R., Doc. No. 11-22, Oct. 2, 2007 Sentencing Hrg. Tr. at 42–43. The court notes that the sentencing guideline forms completed for these offenses shows that for Attempted First-Degree Murder, which is graded as a felony of the first degree and has an offense gravity score of 14 (because the form indicated that Williams had a prior record score of 1), the sentencing guidelines provided for a mitigated range sentence of 72 months, a standard range sentence of 84 to 240 months, and no aggravated range. *See* Pet. at ECF p.

34. Concerning Possession of an Instrument of Crime, which is graded as a misdemeanor of the first degree and has an offense gravity score of four, the guidelines provided for a standard range sentence of restorative sanctions (such as probation) to nine months, and an aggravated range of 12 months. *See id.* at ECF p. 33. Based on these guideline forms, Judge Tressler imposed <u>standard</u> range sentences for both offenses.

Williams filed a notice of appeal from his judgment of sentence on November 1, 2007, *See* State Ct. R, Doc. No. 11-20, Notice of Appeal, but he discontinued that appeal on December 26, 2007. *See* Docket, *Commonwealth v. Williams*, No. 2953 EDA 2007 (Pa. Super.). The Court of Common Pleas appointed new counsel to represent Williams, and Williams filed a petition to reinstate his appellate rights *nunc pro tunc* on July 15, 2008. *See* State Ct. R., Doc. No. 11-111. The trial court granted the motion on July 23, 2008. *See* State Ct. R., Doc. No. 11-112. Williams then filed a motion to withdraw his guilty plea and to have the court reconsider his sentence on July 31, 2008. *See* State Ct. R., Doc. No. 11-113. The trial court denied this motion via an order entered on September 25, 2008. *See* State Ct. R., Doc. No. 11-114. Williams filed a notice of appeal from his judgment of sentence to the Superior Court of Pennsylvania on October 24, 2008. *See* State Ct. R., Doc. No. 11-42; *see also* Docket, *Commonwealth v. Williams*, No. 3016 EDA 2008 (Pa. Super.).

The Superior Court affirmed Williams' judgment of sentence via an unpublished memorandum opinion entered on June 26, 2009. *See* Resp. in Opp'n to Pet. for Writ of Habeas Corpus ("Opp'n"), Ex. A, Mem. Op., *Commonwealth v. Williams*, No. 3016 EDA 2008 (Pa. Super. June 26, 2009). On May 21, 2010, Williams filed his first petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). *See* State Ct. R., Doc. No. 11-117, PCRA Petition; *see also id.* at ECF p. 14 (certifying that Williams served PCRA petition on May 21, 2010). On March 22, 2012, Williams filed an amended PCRA petition. *See* State Ct. R., Doc. No. 11-124. The PCRA court filed a notice of intent to dismiss Williams's PCRA petition, as amended, under Rule 907 of the Pennsylvania Rules of Criminal Procedure on April 3, 2012. *See* State Ct. R., Doc. No. 11-125. Although the PCRA court had an evidentiary hearing on July 3, 2012, *see* State Ct. R., Doc. No. 11-62, July 3, 2012 PCRA Hr'g Tr., the court denied Williams's PCRA petition via an order entered on July 10, 2012. *See* State Ct. R., Doc. No. 11-133.

Williams appealed from the denial of his PCRA to the Superior Court. *See* State Ct. R., Doc. No. 11-61; *see also* Docket, *Commonwealth v. Williams*, No. 2194 EDA 2012 (Pa. Super.). The Superior Court issued an unpublished memorandum opinion affirming the PCRA court's denial on December 22, 2016. *See Commonwealth v. Williams*, No. 2194 EDA 2012, 2016 WL 7421354 (Pa. Super. Dec. 22. 2016). Williams filed a petition for reargument and reconsideration, which the Superior Court denied on February 7, 2017. *See* Docket, *Commonwealth v. Williams*, No. 2194 EDA 2012 (Pa. Super.). On March 6, 2017, Williams filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* Docket, *Commonwealth v. Williams*, No. 162 MAL 2017 (Pa.). The Supreme Court denied the petition on August 28, 2017. *See id.* It appears that Williams then filed a petition for a writ of certiorari with the United States Supreme Court on November 27, 2017. *See* Docket, *Williams v. Pennsylvania*, No. 17-7040 (U.S.). The Supreme Court denied the petition on February 20, 2018, and then denied Williams's petition for a rehearing on May 14, 2018. *See id.*

As noted in the report and recommendation, Williams filed the instant petition on August 10, 2018. *See* R&R at 2 (explaining that Williams filed petition on August 10, 2018, pursuant to prisoner mailbox rule); *see also* Doc. No. 1. Williams raised three ineffective-assistance-of-counsel claims in the petition. *See* Pet. at 8–12; R&R at 2–3. First, he claims that his trial counsel was ineffective for failing to object to his sentence being "predicated and enhanced" by *nolle prossed* charges, which were not disclosed to him in the pre-sentence report. *See* Pet. at 8. Second, he argues that conflicts counsel, which was appointed before Williams's direct appeal rights were reinstated in July 2008, was ineffective because she refused to address ineffective assistance of counsel claims against trial counsel due to a personal conflict and conflicts counsel also submitted defective motions and arguments. *See id.* at 10. Finally, Williams contends that PCRA counsel was ineffective because he refused to address certain claims, the Office of Disciplinary Counsel determined that he had breached his ethical rules (in an unidentified way), and authored a letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). *See id.* at 12. Regarding the timeliness of the petition, Williams asserts that his petition is timely because he

> has consistently been denied access/disclosure to his presentence report (PSR) by [the] trial court despite PA Superior Ct[.] compliance [with] discovery order of 5/27/14 meaningful PCRA appellate review by creating a state impediment to access and violating the state statutes and PA Constitutions and U.S. Constitutions for fairness and due process.

*Id.* at 17–18.

3

On March 28, 2019, the respondents filed a response in opposition to the petition in which they argue that the petition is time-barred because Williams did not file it within one year of the time his judgment of sentence became final, and that neither statutory nor equitable tolling saved the petition. *See* Opp'n at 3–5. Judge Caracappa filed the R&R on April 19, 2019, in which she also recommended that this court dismiss the petition because Williams failed to timely file it. *See* R&R at 3–6. Judge Caracappa explained that Williams's judgment of sentence became final on July 26, 2009, when the 30-day period for filing a petition for allowance of appeal with the Supreme Court concluded. *See id.* at 4. As the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), Judge Caracappa determined that Williams had until July 26, 2010, to file the instant petition, absent the application of statutory or equitable tolling. *See id.*

Regarding statutory tolling, Judge Caracappa explained that Williams's May 26, 2010 PCRA petition tolled the statute of limitations until August 28, 2017, when the Pennsylvania Supreme Court denied the petition for allowance of appeal. *See id.* at 5. Although Judge Caracappa did not reference Williams having filed a petition for a writ of certiorari with the United States Supreme Court, *see* Pet. at 6, she pointed out that the time during which Williams could file a petition with the United States Supreme Court did not toll the statute. *See* R&R at 5, n.3 (citing *Stokes v. Dist. Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)). As for equitable tolling, Judge Caracappa determined that Williams failed to specifically argue equitable tolling, and he otherwise (1) failed to present evidence to account for his delay in filing the instant petition, (2) did not allege that the respondents misled him, and (3) did not allege that an extraordinary circumstance prevented him from timely filing this habeas petition. *See id.* at 5–6. Judge Caracappa also noted that Williams failed to explain how his inability to obtain a copy of the presentence report affected his ability to timely file a habeas petition. *See id.* at 6.

Approximately a week after Judge Caracappa filed the R&R, the clerk of court docketed a reply brief from Williams. Doc. No. 19. In this document, Williams requested that the court consider the arguments in this brief because the respondents sent their response in opposition to the wrong address. *See* Pet'r's Reply to Resp't's Mot. for Dismissal of Writ of Habeas Corpus at 1, Doc. No. 19. Williams also discussed the facts of the underlying criminal case, and he argued that, *inter alia* (1) the trial court improperly allowed his wife to testify during the sentencing hearing, (2) defense counsel failed to disclose a complete presentence report (including a victim impact statement) to him, and (3) defense counsel failed to present mitigation witnesses despite their availability to testify during the sentencing hearing. *See id.* at 2–3. Williams further claims that the court improperly sentenced him by not disclosing the presentence report and by sentencing him in the aggravated range by relying on *nolle prossed* charges. *See id.* at 4.

Regarding the presentence report, Williams claims that he was entitled to see the report under Pennsylvania law and federal law (including Rule 32 of the Federal Rules of Criminal Procedure). *See id.* at 5. He then asserts that the Office of Disciplinary Counsel found his PCRA counsel ineffective for failing to address ineffective assistance of counsel claims against trial counsel and direct appeal counsel, for communication violations, for "parallel relationships" with former counsel. *See id.* at 6. Williams goes on, citing federal law relating to federal sentencing proceedings, that the court needed to give reasonable notice before departing upward on a ground not identified in the presentence report. *See id.* at 7. He therefore claims that "the sentencing court gave defendant absolutely no notice on <u>unilaterally</u> <u>modifying</u> the *"guilty plea"*, permitting testimony on *"nolle prossed"* charges *(contrary to plea)* and ultimately sentencing [him] on secret undisclosed (PSI) to upward depart beyond fundamental norms despite objection and *pro-se* appellate review." *Id.* at 8.

Concerning equitable tolling, Williams claims that his judgment became final on June 26, 2009; instead of July 26, 2009. *See id.* at 10. Williams he also asserts that

> [t]he trial courts' [sic] sentencing defendant, in part on "nolle prossed" charges contrary to plea in the aggravated guideline range despite objections, allocution and abandonment by trial counsel, and PCRA Counsel whom all shared a mutual fondness coupled with continued failure to disclose presentencing report (PSI) violates due process and [S]ixth [A]mendment right to effective assistance of counsel.

*Id.* He further references the PCRA's timeliness requirements and ineffectiveness claims under the PCRA. *See id.* at 11–13. When he finally mentions equitable tolling on page 13 of this brief, Williams does not argue how the doctrine applies to his case. *See id.* at 13–14.

In his objections to the R&R, Williams requests that the court consider the reply brief because he did not receive the respondents' response in opposition to his petition until April 4, 2019, because it was sent to a mailing address no longer used by the prison. *See* Pet'r's Objs. to the R&R Pursuant to Loc. Civ. R. 72.1 at 1–2, Doc. No.

4

21. Williams also requests an order disclosing the presentence report. *See id.* at 3. He now claims that equitable tolling applies because he was intentionally misled into his plea agreement and the "undisclosed presentence report." *Id.* He also claims that his sentencing based on *nolle prossed* charges violates due process. *See id.* He further argues that "[t]he extraordinary circumstances of both ***misleading*** petitioner into plea he opposed advised by [his] initial counsel, because the malice[] element was obviously void in this case coupled with (PSI) non-disclosure is and remains "manifest injustice" *(demanding equitable tolling by sound legal principles as well as the interests of justice)*[.]" *Id.* at 4 (emphasis in original).

Before addressing Williams's objections, the court grants Williams's request to have the court consider the arguments he raises in his reply brief. The court notes, however, that the reply brief does not address in any way whatsoever the substance of the R&R, *i.e.* the timeliness of the instant petition. In fact, in the only portions of the reply brief discussing the limitations period, Williams (1) argues that his judgment of sentence became final earlier (June 26, 2009) than found by Judge Caracappa and the respondents (July 26, 2009), (2) recites some law related to equitable tolling, and (3) does not analyze whether his petition is eligible for equitable tolling. Nonetheless, regarding the objections, Williams objects, at least in part, to Judge Caracappa's determination that his petition is time barred, and he claims that he should be entitled to equitable tolling.

Concerning the limitations issue, as noted by Judge Caracappa in the R&R, the AEDPA provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); R&R at 3. When calculating the commencement of the statute of limitations for purposes of subsection (A), the court must determine when Williams's judgment of sentence became final. "Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) and citing *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, Judge Caracappa correctly noted that Williams's judgment of sentence became final 30 days after the Superior Court affirmed his judgment of sentence on June 26, 2009, because he did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* R&R at 4 (citations omitted). However, contrary to Judge Caracappa's calculations, Williams had until July 27, 2009, to file a petition for allowance of appeal because the 30th day fell on Sunday, July 26, 2009. *See* https://www.timeanddate.com/calendar/monthly.html?year=2009&month=7&country=1 (last accessed July 24, 2019); 1 Pa. C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). Thus, AEDPA's one-year statute of limitations began to run on July 27, 2009, and Williams had until July 27, 2010, to file his section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, the AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. *See Merrit v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003).

Judge Caracappa correctly explained that Williams's one-year limitations period was tolled when he timely filed a PCRA petition. *See* R&R at 4 (citing 28 U.S.C. & 2244(d)(2)). Judge Caracappa used the date on the docket for the filing of the petition, *i.e.* May 26, 2010. *See id.* It appears however, that the prisoner mailbox rule would apply here, *see Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) ("We . . . hold that the prisoner mailbox rule is applicable to petitions filed pursuant to the PCRA[.]"), and it also appears that Williams provided the PCRA to prison authorities for mailing on May 21, 2010. *See* State Ct. R., Doc. No. 11-117, at ECF p. 14. As such, this court uses May 10, 2010 as the filing date, and 298 days of the one-year limitations period had run by the time Williams filed his PCRA petition.

As Judge Caracappa explained, the limitations period was tolled from the filing of the PCRA petition until August 28, 2017, when the Pennsylvania Supreme Court denied the petition for allowance of appeal. *See* R&R at 4–5. In addition, while Williams filed a petition for a writ of certiorari with the United States Supreme Court, the limitations period would not be tolled while the Court considered the petition (or the request for reconsideration).

*See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("Read naturally, the text of [28 U.S.C. § 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application . . . . [The United States Supreme Court] is not part of a "State's post-conviction procedures."); *Henderson v. Clark*, Civ. A. No. 2:17-cv-1340, 2018 WL 3209428, at *2 (W.D. Pa. Feb. 26, 2018) ("Even though Henderson filed a petition for writ of certiorari after that ruling, the AEDPA statute of limitations is not tolled during the time that the Supreme Court is concerning the cert. petition." (citing *Lawrence*, 549 U.S. at 332)). Because statutory tolling does not apply to the period after the Pennsylvania Supreme Court denied the petition for allowance of appeal, Williams had 67 days, or until November 3, 2017, to file a habeas petition in federal court. He did not file the instant petition until August 10, 2018, which was 280 days too late. Thus, the petition is untimely unless equitable tolling applies.

As to equitable tolling, the limitations period in section 2244(d) is not jurisdictional and, as such, is subject to equitable tolling where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645–46, 649 (2010). The petitioner has the burden of demonstrating an entitlement to equitable tolling and establishing due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"The decision to equitably toll § 2244(d) 'must be made on a case-by-case basis.'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (quoting *Holland*, 560 U.S. at 650–51). In addition,

> [i]n each case, there is a need for flexibility, avoiding mechanical rules, and awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case. There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, equitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair.

*Id.* (internal citations and quotation marks omitted). "In the final analysis, . . . 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

In addition, "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id.* (citations and internal quotation marks omitted). Moreover, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citations omitted).

Here, Williams has come woefully short in his contention that Judge Caracappa erred in concluding that he was not entitled to equitable tolling in this case. In the first instance, the only claim he included in his habeas petition that related to tolling was his claim that he was denied access to his presentence report. As explained by Judge Caracappa, Williams did not specifically mention equitable tolling by name in his habeas petition and his only argument there is that "he was denied access to his presentencing report by the trial court which denied [him] meaningful PCRA appellate review by creating a state impediment to access." R&R at 6 (citing Pet. at 17–18). Judge Caracappa properly concluded that Williams (1) did not present any evidence to account for his delay in filing the instant habeas petition, (2) did not allege that respondents actively misled him (and the record did not support such an allegation, (3) did not assert that an extraordinary circumstance prevented him from timely filing a habeas petition, and (4) failed to explain how his purported inability to meaningfully appeal from the denial of his PCRA due to the lack of a presentence report affected his ability to timely file a habeas petition. *See id.*

The court also notes that even considering Williams's reply brief, he still has not shown an entitlement to equitable tolling. As previously explained, Williams erroneously asserts that his judgment of sentence became final on June 26, 2009. Additionally, to the extent he argues that the trial court purportedly sentenced him on *nolle prossed* charges contrary to his plea and then sentenced him to an aggravated range sentence, that his trial counsel and PCRA counsel abandoned him, and that he did not receive a copy of his presentence report, none of these claims explain why he timely failed to file the instant habeas petition. They surely do not present extraordinary circumstances sufficient to warrant equitable tolling in this case.

As a final note, to the extent that Williams now asserts that he is entitled to equitable tolling because he was misled into his plea agreement, this is a new claim not raised before Judge Caracappa and the court need not address it. *See, e.g.*, *Stromberg v. Varano*, Civ. A. No. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012) ("Because these new issues could have been brought before Magistrate Judge Perkin, the Court finds that the "interest of

6

justice" does not require that the Court consider these new issues."); *see also* E.D. Pa. Loc. Civ. R. 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). Nonetheless, even if the court was to consider it, it would not entitle Williams to equitable tolling because his own assertion does not state that his trial counsel misled him into not asserting his federal habeas rights; instead, his claim is a merits-based claim of ineffective assistance of counsel for purportedly convincing him to plead guilty. At bottom, Williams has failed to meet his burden that this is the rare situation where sound legal principles and the interests of justice warrant the application of equitable tolling. Accordingly, his objections are overruled, and the court adopts the report and recommendation except as otherwise modified by this endnote and dismisses the habeas petition.

[3] Any magistrate judge or district judge can appoint counsel for an individual seeking habeas relief "whenever [the judge] determines that the interests of justice so require." 18 U.S.C. § 3006(a)(2)(B). Here, the court does not find that the interests of justice warrant appointing counsel for Williams in this matter. As such, the court denies the motion.